1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | IRVIN DONALD ANDERSON, ) | 1:08-CV-00286 LJO GSA HC |
| 12 | Petitioner, ) | |
| 13 | v. ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| 14 | D. K. SISTO, Warden, ) | [Doc. #12] |
| 15 | Respondent. ) | |
| 16 | ) | |

17

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18

pursuant to 28 U.S.C. § 2254.

19

### BACKGROUND

20

    Petitioner is currently in the custody of the California Department of Corrections pursuant to

21

a judgment of the Superior Court of California, County of Fresno, Hon. Gregory Fain presiding,

22

following Petitioner's conviction by jury trial on December 22, 2003, of two counts of assault with a

23

firearm (Cal. Penal Code § 245(a)(2)), one count of discharge of a firearm with gross negligence

24

(Cal. Penal Code § 246.3), and one count of possession of a firearm by a felon (Cal. Penal Code

25

§ 12021(a)(1)). See Lodged Doc. No. 1.[1] On February 6, 2004, Petitioner was sentenced to serve a

26

term of 64 years to life in state prison. Id.

27

---

28

    [1]"Lodged Doc." refers to the documents lodged by Respondent in support of his motion to dismiss.

1    Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District

2  (hereinafter "Fifth DCA"). On February 16, 2005, the Fifth DCA affirmed the convictions but

3  vacated judgment on the two counts of assault with a deadly weapon, and remanded the case for

4  resentencing on those counts. See Lodged Doc. No. 5. On March 21, 2005, Petitioner petitioned for

5  review in the California Supreme Court. See Lodged Doc. No. 6. On April 27, 2005, the petition was

6  denied. See Lodged Doc. No. 7.

7    On July 13, 2005, the superior court resentenced Petitioner to thirty-five years to life. See

8  Lodged Doc. No. 1. Petitioner did not appeal.

9    Thereafter, Petitioner filed several post-conviction collateral challenges with respect to the

10 judgment in the state courts, as follows:

11    1.    Fresno County Superior Court
            Filed: October 6, 2006[2];
12          Denied: October 13, 2006;

13    2.    California Court of Appeals, Fifth Appellate District
            Filed: January 16, 2007;
14          Denied: February 1, 2007;

15    3.    Fresno County Superior Court
            Filed: March 14, 2007;
16          Denied: March 27, 2007;

17    4.    California Supreme Court
            Filed: April 1, 2007;
18          Denied: August 15, 2007;

19    5.    Fresno County Superior Court
            Filed: July 3, 2007;
20          Denied: July 16, 2007;

21    6.    Fresno County Superior Court
            Filed: December 10, 2007;
22          Denied: January 10, 2008.

23 See Lodged Doc. Nos. 8-19.

24    On February 21, 2008, Petitioner filed the instant habeas petition in the Sacramento Division

25

26    [2]In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of
   its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487
27 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas
   filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack,
28 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the state petitions filed
   on the date Petitioner signed them and presumably handed them to prison authorities for mailing.

1  of this Court. The petition was then transferred to the Fresno Division. On July 14, 2008,

2  Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations

3  period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on August 4, 2008.

4  Respondent filed a reply on August 13, 2008.

5  **DISCUSSION**

6  <u>A.  Procedural Grounds for Motion to Dismiss</u>

7         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

8  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

9  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

10        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

11 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

12 state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

13 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874

14 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

15 state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

16 Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

17 should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

18        In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

19 one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

20 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

21 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

22 dismiss pursuant to its authority under Rule 4.

23 <u>B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

24        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

26 habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059,

27 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

28 586 (1997).

1    In this case, the petition was filed on February 21, 2008, and therefore, it is subject to the

2    provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

3    seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

4    § 2244, subdivision (d) reads:

5        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
         corpus by a person in custody pursuant to the judgment of a State court.  The
6        limitation period shall run from the latest of –

7        (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;
8
9        (B) the date on which the impediment to filing an application created by
         State action in violation of the Constitution or laws of the United States is removed, if
         the applicant was prevented from filing by such State action;
10
11       (C) the date on which the constitutional right asserted was initially recognized by
         the Supreme Court, if the right has been newly recognized by the Supreme Court and made
         retroactively applicable to cases on collateral review; or
12
13       (D) the date on which the factual predicate of the claim or claims presented
         could have been discovered through the exercise of due diligence.

14       (2) The time during which a properly filed application for State post-conviction or
         other collateral review with respect to the pertinent judgment or claim is pending shall
15       not be counted toward any period of limitation under this subsection.

16   28 U.S.C. § 2244(d).

17       In most cases, the limitations period begins running on the date that the petitioner's direct

18   review became final.  In this case, Petitioner was resentenced on July 13, 2005, and he did not appeal

19   that sentence. Therefore, the judgment became final sixty days thereafter, on September 11, 2005.

20   Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286, 1293 (11th Cir.2007); Maharaj v.

21   Secretary, Dept. of Corrections, 304 F.3d 1345, 1348 (11th Cir.2002); Cal. Rules of Court, Rule

22   8.308(a). The statute of limitations commenced on the following day, September 12, 2005, and

23   expired one year later on September 11, 2006. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th

24   Cir.2001). Here, Petitioner delayed filing the instant petition until February 21, 2008, over a year and

25   a half beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute

26   of limitations.

27   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on September 12, 2005, and expired on September 11, 2006. Petitioner did not file any post-collateral challenges in the state courts during that time. Although he filed numerous state habeas petitions, they did not operate to toll the limitations period because the period had already expired. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Furthermore, as noted by Respondent, even if the Court were to grant tolling for these state habeas petitions, the limitations would still have expired before he filed his federal habeas petition. Several petitions were not filed in an ascending manner so "gap tolling" could not be applied, Saffold, 536 U.S. at 215, and some of the state petitions were untimely, Pace, 544 U.S. 408.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

1  (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

2  E.  Allegation of Violation of First Amendment

3         In his opposition, Petitioner argues that the statute of limitations itself violates the First

4  Amendment to the Constitution and decisions of the Supreme Court. There is no authority for this

5  argument, and the one-year statute of limitations imposed by AEDPA has withstood challenges to its

6  constitutionality. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003) (finding no serious

7  constitutional problem with statute of limitations for purposes of constitutional-doubt canon of

8  statutory construction); Green v. White, 223 F.3d 1001 (9th Cir.2000) (holding that section 2244(d) is

9  not per se violation of Suspension Clause); Delaney v. Matesanz, 264 F.3d 7, 11-12 (1st Cir.2001);

10 Wyzykowski v. Dept. of Corrections, 226 F.3d 1213, 1217-18 (11th Cir.2000); Lucidore v. New

11 York State Div. of Parole, 209 F.3d 107, 113 (2d Cir.2000); Turner v. Johnson, 177 F.3d 390, 392-

12 93 (5th Cir.1999); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir.1998); United States v. Flores, 135

13 F.3d 1000, 1004-05 (5th Cir.1998); Rashid v. Khulman, 991 F.Supp. 254, 261 (S.D.N.Y. 1998).

14                              **RECOMMENDATION**

15        Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

16 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

17 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

18        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

19 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

20 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

21 California.  Within thirty (30) days after being served with a copy of this Findings and

22 Recommendation, any party may file written objections with the Court and serve a copy on all

23 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

24 Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days

25 (plus three days if served by mail) after service of the Objections.  The Finding and

26 Recommendation will then be submitted to the District Court for review of the Magistrate Judge's

27 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

28 within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.

1    Ylst, 951 F.2d 1153 (9ᵗʰ Cir. 1991).

2

3        IT IS SO ORDERED.

4        Dated:    **August 24, 2008**            _____**/s/ Gary S. Austin**_____
                                              UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28